IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOAN BARDEN, et al.,

    Plaintiffs,                    No. 2:99-cv-00497 MCE JFM

    vs.

CITY OF SACRAMENTO, et al.,

    Defendants.                ORDER

_____/

Before the court is plaintiffs' class counsel's ("class counsel") motion to compel attorneys' fees and costs in conjunction with monitoring compliance with a settlement agreement that was approved by the court back on January 22, 2004. (ECF 187.) Defendants timely opposed the motion. (ECF 190.) This court has jurisdiction pursuant to the parties' consent under 28 U.S.C. § 636(c). (See also ECF 188-1 at 28.) The court has reviewed the parties' filings and heard oral argument on the matter on May 24, 2013. For the reasons set forth below, class counsel's motion for attorneys' fees and costs is denied.

I.    BACKGROUND

Plaintiffs filed their original class action complaint for violations of civil rights based on the Americans with Disabilities Act ("the ADA"), the Rehabilitation Act, and various California statutes on March 15, 1999. (ECF 1.) Plaintiffs alleged that defendants failed to comply with their obligations under the ADA when they resurfaced city streets and,

1

consequently, many curb ramps were inaccessible to disabled persons.  (See ECF 64.)

Ultimately, the parties entered into settlement negotiations with the assistance of U.S. Magistrate Judge John F. Moulds.  (See ECF 150; see also ECF 190-3 at 2-4.)  On December 29, 2003, Magistrate Judge Moulds issued findings and recommendations recommending that the settlement reached by the parties be approved by the court.  (Id.)  On January 22, 2004, those findings and recommendations were adopted in full.  (ECF 178.)

A.   SETTLEMENT AGREEMENT

The Settlement Agreement ("the agreement") approved by the court provided for fees and costs in three separate sections of that agreement.  (See ECF 188-1 at 26 and 28-30.)  The relevant portions of the settlement agreement placed at issue by class counsel's present motion to compel include sections IV.E. - F. which state as follows:

> E.   Costs of Monitoring Paid By City of Sacramento
>
> The costs of monitoring, including both payment to Outside Monitor and attorneys' fees incurred by Class Counsel to review all reports, shall be paid by the City of Sacramento.  During the period of time in which the Outside Monitor is retained, the City shall allocate up to $30,000 annually for monitoring costs from funds separate from the funding dedicated to the Annual Obligation.  Up to 10% of this monitoring fund, no more than $3,000, may be paid to Class Counsel for review and analysis of information provided by the Outside Monitor and by the City.  If payment for monitoring exceeds $30,000 in any year, the remaining money shall be taken from the Annual Obligation Fund.
>
> F.   City's Obligation After Outside Monitor's Term Ends
>
> After the term of the Outside Monitor expires, the City shall ensure that comparable review and reporting concerning the effectiveness and accuracy of barrier removal work takes place through internal monitoring.  Any internal monitoring function used by the City shall generate reports at least semi-annually, and Class Counsel shall be provided a copy of these reports within 45 days after the end of the period covered by such documents.

Id. at 26.

/////

/////

### B. SETTLEMENT NEGOTIATIONS

During the course of their settlement negotiations, the parties focused on both attorneys' fees and monitoring costs. For example, in a letter to plaintiffs dated January 14, 2003, defendants stated that "the only remaining issue [is] that of attorney fees." (ECF 190-3 at 4.) In a letter to plaintiffs dated March 6, 2003, defendants address the issue of monitoring by explaining, "[w]e do believe the three year period for monitoring is a good idea." (Id. at 6.) Defendants at that time went on to explain that they would agree to provide the option to extend the three year obligation but state that "any extension would be subject to the *monetary restrictions*" applicable to the three year period. (Id.) (emphasis added).

In a letter to defendants dated June 11, 2004, class counsel provide a detailed outline featuring deadlines related to the implementation of the parties' settlement agreement. (ECF 190-4 at 4-5.) The monitoring schedule discussed therein spanned from January 1, 2004, to June 30, 2007, with internal monitoring beginning on July 1, 2007. (Id. at 4.) The monitoring schedule provided by class counsel also contained specific dates on which class counsel would send a bill to defendants for monitoring, and indicated that the billings would not exceed $3,000 per year during this period. Id. The schedule also contained specific dates on which defendants were to submit payment to class counsel. Id. Finally, class counsel's schedule stated that at the expiration of the three year monitoring term, defendants "shall ensure that comparable review and reporting of barrier work's effectiveness & accuracy occurs through internal monitoring." Id. at 5.

### II. CLASS COUNSEL'S PENDING MOTION TO COMPEL ATTORNEYS' FEES

In their motion to compel, class counsel now contends that they are entitled to monitoring costs which exceed the $3,000 per year during the first three years an outside monitor was retained, as provided for in the settlement agreement. (ECF 187 at 8.) Class counsel argues that "[t]here is no limitation on Class Counsel's ability to recover fees for other monitoring work" and "Class Counsel have undertaken other types of monitoring work both during and after

the first three years that was reasonably necessary." (Id.) Class counsel also argues that they are entitled to attorney fees incurred during dispute resolution which "includes meet and confer efforts with the City relating to the current fee dispute, the unsuccessful mediation effort, and work on this current motion." (Id. at 10.) Accordingly, class counsel now seeks fees and costs totaling $35,789.47. (Id. at 11.)[1] Defendants oppose class counsel's motion, arguing that the existing settlement agreement is clear regarding the attorneys' fees and costs class counsel are entitled to and that the fees and costs now sought are not authorized by the parties' settlement agreement. (ECF 190.)

In support of their motion, class counsel cite to a number of decisions they claim support their contention "that the reasonable attorneys' fees and costs incurred by plaintiffs' counsel in civil rights cases for performing monitoring work are compensable," notwithstanding the existing settlement agreement between the parties. (ECF 187 at 11.) However, the decisions relied upon by class counsel are distinguishable from the situation before the court here because they involved either monitoring through post-judgment proceedings, or a consent decree that specifically provided for the attorney fees sought or was silent or ambiguous regarding such fees. See, e.g., Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 560 (1986) (holding that an award of reasonable attorney's fees was not precluded with respect to administrative proceedings); San Francisco NAACP v. San Francisco Unified School Dist., 284 F. 3d 1163, 1164 (9th Cir. 2002) (holding that a fee award for defending a consent decree in post-judgment litigation work pursuant to a statute is not precluded); Muckleshoot Tribe v. Puget Sound Power & Light Co., 875 F.2d 695, 697 (9th Cir. 1989) (involving a consent decree that

---

[1] Class counsel summarize the attorney fees and costs now sought as follows: $22,813.00 for monitoring fees beyond the first three years, $11,734.00 for fee dispute resolution, and $1,242.47 in costs. (ECF 187 at 11.) Class counsel confirm receipt of payment in the amount of $5,962 in October 2006, for two years of report review; and payment in the amount of $3,038 in November 2011, for the last year of report review. (ECF 188 at 5 ¶ 13.) These payments for fees and costs in connection with the three-year monitoring period provided for by the parties' settlement agreement total $9,000.

4

1  "did not mention costs or attorneys' fees"); Fitzgerald v. City of Los Angeles, No. 03-1876, 2009
2  WL 960825, at *2 (C.D. Cal. Apr. 7, 2009) (involving a fee award for plaintiffs' work related to
3  "litigating [a] motion to extend [an] injunction").

4         The court concludes that class counsel has mischaracterized the term
5  "monitoring" for purposes of the pending motion.  While the United States Supreme Court has
6  held that a prevailing party is entitled to the award of attorney fees for work on "post-judgment
7  monitoring of a consent decree," Delaware Valley, 478 U.S. at 559, the circumstances presented
8  in such cases involved administrative proceedings or actual litigation that was necessary in order
9  to enforce a consent decree or settlement agreement.  In this case, class counsel's monitoring
10 efforts did involved neither administrative proceedings nor litigation, nor have they demonstrated
11 that their work was "crucial to safeguard the interests asserted by" the plaintiffs.  Id. at 558.  But
12 for their failure on occasion to timely sending reports to class counsel, defendants have been in
13 full compliance with their obligations under the settlement agreement since its approval by this
14 court on January 22, 2004.  (ECF 178.)

15        Here, class counsel argues that because they were the prevailing party in the
16 original litigation, they should therefore be awarded attorneys' fees and costs for their non-
17 litigation related monitoring following entry of the settlement agreement.  A district court has the
18 discretion to award attorneys' fees and costs to a prevailing party and such an award may be
19 appropriate with respect to reasonable work performed to monitor and enforce compliance with a
20 consent decree or settlement agreement.  See Keith v. Volpe, 833 F. 2d 850, 855-57 (9th Cir.
21 1987).  The motion before the court seeks an award of attorney fees for monitoring work that did
22 not result in any post-judgment judicial or administrative proceedings.  That is because no such
23 proceedings were required to ensure compliance with the settlement agreement entered into in
24 this case.

25        Finally, the court finds that class counsel is not entitled to an additional award of
26 fees under the parties' settlement agreement.  "An agreement to settle a legal dispute is a contract

and its enforceability is governed by familiar principles of contract law." Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1989) (citing Miller v. Fairchild Indus., 797 F.2d 727, 733 (9th Cir. 1986). "In construing [] settlement agreements . . . we apply principles of California contract law." Miller, 797 F.2d at 733 (citing Ferguson, 688 F.2d at 1322). "[W]hen construing an agreement . . . , the court, for a proper understanding of the agreement, often must look to the circumstances surrounding the agreement's formation." Miller, 797 F.2d at 733-34.

In this case, the parties engaged in extensive negotiations that focused, in part, specifically on attorney fees thereby demonstrating an intent to settle the attorney fees question. (See ECF 190-3 at 2-4 and 6-8; ECF 190-4 at 2-5.) While a fee waiver was not explicit in the settlement agreement, the parties addressed the award of attorney fees in three separate sections of their agreement including negotiated fees for three years of post-judgment monitoring work with the option of having that period extended for good cause. (See ECF 188-1 at 26 and 28-30.)

In approving the settlement agreement, the court specifically stated that "[t]his Court approves the availability of additional fees and costs for monitoring the Agreement after Final Approval, as set forth in Section IV.E of the Agreement." (ECF 178 at 3.) Section E of the settlement agreement clearly provided for attorneys' fees incurred by class counsel during the three years an outside monitor was retained under the agreement with a cap of $3,000 per year with respect to those fees. (ECF 188-1 at 26.)

Nonetheless, class counsel now seek the award of attorney fees for, among other things, reviewing reports of the outside monitor and defendant, addressing complaints regarding access barriers, clarifying the impact of the renewal of Measure A, researching the total transportation fund, and following up with defendant so as to receive copies of missing reports. (ECF 187 at 9.) The payment of attorney fees in connection with such de minimis "monitoring" tasks was not contemplated by the settlement agreement of the parties. Moreover, it was contemplated by the parties that defendants would "ensure that comparable review and reporting of barrier work's effectiveness & accuracy occurs through internal monitoring." (ECF 190 at 5.)

Contrary to class counsel's assertion, this is not a case where a settlement agreement or consent decree was silent or ambiguous with respect to attorneys' fees and costs. See, e.g., Muckleshoot, 875 F.2d at 697.  Here, the settlement agreement contained unambiguous provisions for the award of attorney fees and costs in three separate sections.  (See ECF 188-1 at 26 and 28-30.)

Reviewing the settlement agreement and the discussions leading up to the court's approval of that agreement, it is clear to the undersigned that the parties in this case agreed that attorneys' fees and costs for post-judgment monitoring which did not involve judicial or administrative enforcement proceedings would only be paid up to a maximum of $3,000 per year for the first three years that an outside monitor was retained.  Thereafter, the settlement agreement contemplated internal monitoring by defendants.  Considering the "circumstances surrounding the agreement's formation" (Miller, 797 F.2d at 735), the court concludes that the settlement agreement in this case does not provide for the award of monitoring fees and costs that are unrelated to judicial or administrative proceedings necessary to enforce compliance with the settlement agreement.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that class counsel's motion to compel the award of attorneys fees' and costs (ECF 187) is denied.

DATED: May 31, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

bard0497.mtc.ord